WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | | |
|---|---|---|
| BOWEN & GROVES PTY., LTD., | ) | Case No.: CV06-1413-PHX-SMM |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER RE CONFIDENTIAL INFORMATION** |
| TYSON PHILIPPI, et al., | ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

The parties having stipulated (Dkt. 14), and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT** discovery in this case of confidential or private information shall be had on the following terms and conditions:

1.      DEFINITION.

    1.1     As used herein, the term "confidential information" means: (a) any type of information that has not been made generally available to the public and the disclosure of which B&G and/or Defendants contend would cause serious harm to their respective business operations or interests including, but not limited to, (b) data derived

from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof;

       1.2    As used herein, the terms "document" and "documents" shall have the broadest meaning possible under the Federal Rules of Evidence and Federal Rules of Civil Procedure and shall include but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of notations or markings) or any and all other recorded or tangible items, however generated or reproduced, and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof.

2.       <u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>.

       2.1    This Stipulation and Order applies to all discovery responses and other materials containing confidential information disclosed in this action that are designated by a party or a third party as CONFIDENTIAL, as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this action.

       2.2    The parties, through this stipulation, do not waive their right to object to the production of confidential, proprietary or trade secret information or documents which are not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

       2.3    Any party or third party may protect information he, she or it believes constitutes his, her or its confidential information by designating such information as CONFIDENTIAL, as defined below, prior to or at the time of disclosure of such information. Such designation shall be accomplished by placing the notation CONFIDENTIAL on every page of each document or portion thereof so designated. In

the case of confidential information disclosed in a non-paper medium (e g., videotape, audiotape, picture, photograph, computer disks, etc.), the notation CONFIDENTIAL shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the confidential information contained therein.

    2.4 Confidential information so designated shall be used only for the purposes of this litigation and may not be used by any party to which or whom that information is produced or disclosed for any other purpose. Confidential information so designated shall not be disclosed to anyone other than those persons identified in Paragraph 5.2, except as may be ordered by the Court or agreed to in writing by the parties.

    2.5 Any party to this Stipulation and Order may apply to the Court for other and more stringent measures to safeguard the disclosure of certain information, and this Stipulation and Order shall not be construed to preclude a party from applying for such further relief.

    2.6 The parties and third parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL that are not entitled to such designation or that are generally available to the public.

    2.7 In the event that a party, in the reasonable and good faith belief that justice requires it, deems it necessary to deny access to specified confidential material to those persons described below in paragraphs 5.2.2, 5.2.3 and 5.2.4, such information may be designated "RESTRICTED INFORMATION/ATTORNEYS' EYES ONLY." Where information is designated "RESTRICTED INFORMATION/ATTORNEYS' EYES ONLY", the attorneys of record for the parties shall deny such information to those persons described in paragraphs 5.2.2, 5.2.3 and 5.2.4.

3.   DEPOSITIONS.

3.1 With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or documents designated confidential information, the deposition reporter and/or videotape operator shall be informed of this Stipulation and Order by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with Paragraph 5.3. The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated confidential information the words CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER. Counsel for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL from being disclosed to any person except as provided in this Stipulation and Order.

3.2 In connection with the taking of any deposition in this action:

(a) Counsel for any party hereto may, prior to or at the commencement of any such deposition, temporarily designate the entire deposition transcript as confidential information. In that event, the designating party shall give a copy of this Stipulation and Order to the court reporter reporting the deposition and shall request that such reporter execute a copy of Exhibit A, which shall constitute an agreement that he or she, his or her employees, and his or her agents shall be bound by the terms of this Order, and shall make no use or disclosure of confidential information unless expressly permitted by the terms of this Stipulation and Order, or by the express consent of the designating party. Such acknowledgment shall thereafter remain in effect for any subsequent depositions reported by such reporter.

(b) When any party has temporarily designated the entire deposition transcript as confidential information, the designation will be deemed

withdrawn unless the designating party, within twenty (20) days after receipt of the transcript, provides all parties with a written list of the page(s) of the deposition transcript and any exhibits attached thereto, that the designating party has designated CONFIDENTIAL.  If a deponent has disclosed something at a deposition that a party or third party believes should be designated as confidential information, the party or third party so believing can go back during the deposition and designate that information as CONFIDENTIAL.

       3.3    If designated confidential information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.

4.      DEPOSITION AND THIRD PARTY WITNESSES BOUND BY THIS STIPULATION AND ORDER.

       4.1    Each deponent or third party witness to whom any party proposes to disclose designated confidential information at a deposition, trial, or other proceeding shall be given a copy of this Stipulation and Order and informed of its contents, and is thereby bound by the obligations of confidentiality and non-disclosure as set forth in this Stipulation and Order, and in particular by Paragraphs 2.4, 5.1, 5.2, and 9.4.  The parties shall take all reasonable steps to get such witnesses to sign the declaration attached hereto as Exhibit A and referenced herein in Paragraph 5.4, but if they refuse they shall be informed that they nevertheless are bound by this Stipulation and Order.

5.      DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION.

       5.1    All designated confidential information shall be maintained in confidence and shall not be disclosed by the non-producing party or a non-party, directly or indirectly, to any person except as provided in this Stipulation and Order.

5.2     Access to confidential information designated CONFIDENTIAL shall be limited to the following persons:

    5.2.1   Counsel for the parties and their support personnel.  If any outside vendors (e g., copy services) are used as support personnel for counsel for the parties, they shall comply with the requirements of Paragraph 5.3;

    5.2.2   Pursuant to Paragraph 5.3, consultants requested by the parties' counsel to furnish expert or litigation support services in this litigation.  Any such consultants shall comply with the requirements of Paragraph 5.3;

    5.2.3   Pursuant to Paragraphs 4.1 and 5.3, deponents at their depositions on a need to know basis only.  Counsel should have a good faith belief that such disclosure is necessary before disclosing designated confidential information to the deponent and shall obtain approval of the designating party;

    5.2.4   Pursuant to Paragraph 5.3, the parties to this action, including any officer, director, member, employee or agent of B&G and Timesoft Consulting, LLC deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

    5.2.5   The Court and Jury; and

    5.2.6   Any other person as to whom the parties in writing agree.

5.3     Each (a) outside vendor authorized pursuant to Paragraph 5.2.1,(b) consultant authorized pursuant to Paragraph 5.2.2,(c) deponent authorized pursuant to Paragraph 5.2.3, and (d) party authorized pursuant to Paragraph 5.2.4 shall, prior to being given access to designated confidential information, acknowledge in writing his or her familiarity with the terms of this Stipulation and Order and execute a declaration in the form specified in Exhibit A, attached hereto.

5.4     Nothing herein shall prohibit a party, or his, her or its counsel, from disclosing a document that contains confidential information to the person whom the

document identifies as an author, addressee, or recipient of such document unless said document would reveal privileged information.

6.        FILING OR LODGING UNDER SEAL.

    6.1   If any party seeks to file or lodge with the Court any documents, including deposition transcripts or videotapes, that contain designated confidential information, such materials shall be filed or lodged in a sealed envelope, or other appropriate sealed container, on which shall be written the title and case number of this action, an indication of the nature of the contents of such sealed envelope or other container, the term "CONFIDENTIAL", and a statement in substantially the following form:

> "This envelope is sealed and contains CONFIDENTIAL information filed [or lodged] in this case by [name of party or third party], and is not to be opened, nor the contents thereof displayed or revealed, except by order of the Court or pursuant to stipulation of the parties to this action."

Such envelope or container shall not be opened without order of the Court except by officers of the Court or the outside counsel attorneys of record for the parties in this action who, after viewing, the contents, shall return them to the clerk in a sealed envelope or container.

7.        CHALLENGING A DESIGNATION.

    7.1   In the event that counsel for any party at any time believes that designated confidential information should not be so designated, or that a different designation should be employed, such counsel shall so notify the designating party in writing. Counsel for the complaining and designating parties then shall meet and confer in good faith concerning such disputed confidential information within ten (10) court days of

receipt of the notice. If agreement is not reached within those ten (10) court days, the complaining party may file a motion requesting that the Court order the removal of the designating party's designation or order a different designation. Upon such motion, the burden of persuasion shall be on the designating party to make a particularized showing on a document by document basis to establish that the material is properly designated. The designated confidential information shall be subject to and protected by this Stipulation and Order under the designation assigned by the designating party until the Court has ruled on any such motion, and any appeal from the Court's ruling on any such motion has been finally decided. The Court may impose a monetary sanction under A. R. S. § 12-349 against any party, person, or attorney who unsuccessfully makes or opposes such a motion, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

7.2   No party shall be obliged to challenge the propriety of a CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

8.       INADVERTENT FAILURE TO DESIGNATE.

8.1 The inadvertent failure to designate confidential information as CONFIDENTIAL prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as CONFIDENTIAL within thirty (30) days after such disclosure or after notice of such disclosure, whichever is later.

8.2 In the event that confidential information is designated as CONFIDENTIAL after disclosure but within the thirty (30) day period allowed under Paragraph 8.1, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL pursuant to the terms of this Stipulation and Order.

8.3   Should any document or information designated as CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Stipulation and Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Stipulation and Order, and the disclosing party shall (a) promptly inform such person of all the provisions of this Stipulation and Order, (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party that designated the document, and (c) request such person to sign the declaration attached hereto as Exhibit A. The executed declaration shall then promptly be served upon the party that designated the document or information.  If such person refuses to sign the declaration, then he or she shall be informed that he or she nevertheless is bound by this Stipulation and Order.

9.   MISCELLANEOUS.

9.1   Confidential information designated CONFIDENTIAL shall be maintained in the custody of counsel for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated confidential information for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such designated confidential information may be retained by consultants entitled to see such information under the terms of this Stipulation and Order to the extent necessary for their study, analysis, and preparation of the case.  A person with custody of information designated CONFIDENTIAL shall maintain it in a manner that limits access to only those persons entitled under this Stipulation and Order to examine it.

9.2   Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any documents, other than attorney work product, containing designated confidential information produced by a party or third party shall be destroyed or returned to the party

or third party producing such documents or writings. Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pretrial, trial, and post-trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL documents as set forth in Paragraph 9.1. All recipients of confidential material shall certify in writing to counsel of record of the party asserting the confidentiality of said material that they have complied with the provisions of this paragraph.

      9.3   The parties further stipulate that the Court shall return all exhibits and depositions to the parties introducing or filing same upon the final determination of this action, including resolution of any appeals.

      9.4   The provisions of this Stipulation and Order apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand.

      9.5   A designation of confidentiality pursuant to this Stipulation and Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated confidential information can be disclosed.

      9.6   In the event anyone covered by this Stipulation and Order (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation seeking Confidential material, that person or party shall give prompt written notice of such to the party who asserted said material was Confidential material by notifying that party's counsel of record and shall object to its production. Upon receipt of written notice, such party shall advise the party who is to respond to the subpoena, demand, or

other process of its intent with respect to responding. Thereafter, the party who has asserted that the material is Confidential material shall assume responsibility for preserving and prosecuting any objection tot he subpoena, demand, or other process, and the person or party subpoenaed or served with demand or other process shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Confidential material. Should the person seeking access to the Confidential material take action against anyone covered by this Stipulation and Order to enforce such a subpoena, demand, or other legal process, they shall in their response set forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of confidential material covered by this Stipulation and Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

     9.7   By entering into this Stipulation and Order, no party waives any objections it might have to the production of documents covered by this Stipulation and Order.

     9.8   No party to this action, by entering into this Stipulation and Order, by designating certain information as CONFIDENTIAL or by acquiescing in any other party's or third party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential information.

     9.9    The designation of confidentiality is not admissible before any trier of fact.

     9.10   The Court retains jurisdiction even after termination of this action to enforce this Stipulation and Order and to make such deletions from or amendments, modifications, and additions to the Stipulation and Order as the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Stipulation and

Order or seeking further protection against disclosure or use of claimed confidential information.

9.11 This stipulation may be executed in counterparts. A faxed signature page shall be deemed effective as an original signature.

DATED this 25th day of October, 2006.

_____
Stephen M. McNamee
United States District Judge